Desmond, J. (dissenting).
I agree with Judge Burke for affirmance.
Two questions of law are before us: first, whether the telephone conversation between husband and wife was admissible in evidence; and, second, if that conversation was not admissible, whether the other uncorroborated testimony of the infant complainant was a sufficient basis for conviction. As to the first of those questions, the two courts below differed. In my opinion, there was in this record and on these facts justification for the holding of Special Sessions that this particular husband-wife conversation did not constitute a confidential communication induced by the matrimonial relationship (see People v. McCormack, 278 App. Div. 191, affd. 303 N. Y. 782).
But in any case (now we reach the second question of law) the evidence here, with or without the telephoned admission by defendant, may not be held to be as matter of law insufficient for a conviction. There is not and never has been a rule of law in this State requiring corroboration of the sworn testimony of the infant complainants in these cases, and to my mind such a rule would be very much against the public interest. The Legislature which makes and announces public policy has by appropriate statutes demanded corroboration in other kinds of criminal cases and (not applicable here) of unsworn testimony of some infants (Penal Law, §§ 71, 103, 1091, 1455, 2013, 2460; Code Prim. Pro., § 392). But there is no statutory requirement of corroboration in prosecutions under section 483 of the Penal *269 Law. Unless and until such a requirement is imposed by statute we, whatever may be our individual attitudes, have no right to supply one. That leaves in this case questions of fact only and those we are forbidden to review (N. Y. Const., art. VI, § 7).
The judgment should be affirmed.
Chief Judge Conway and Judge Fboessel concur with Judge Van Voobhis, and Judge Fuld concurs in his separate concurring opinion in People v. Porcaro (6 N Y 2d 248, 252), decided herewith; Judge Bubke dissents in an opinion in which Judge Dye concurs and in which Judge Desmond concurs in a separate opinion.
Judgments reversed and information dismissed.